Howele, J.
A motion is made to dismiss this appeal on the ground, among others, that there is no legal order of appeal in any cause pending before the District Court, contained in the record.
The order is in the following form:
“Slate of Louisiana, in Relation to the Application of L. B. Dayries.—On motion of Wm. Beatty, attorney for Wm. R. Falconer, it is ordered that a devolutive appeal be granted him from the judgment of this Court, either on the opposition or mandamus against him, or ihe writ of quo ¡carranto, on said appellant giving bond and security, conditioned according to law, in the sum of two hundred and fifty dollars, said appeal returnable at the Supreme Court, on the 4th Monday of January, 1867.”
It appears that Leon B. Dayries applied ex parte to the District Court, of Pointe Coupée, to be recognized as the sheriff of said parish, by virtue of a commission in due form from the Governor óf the State; that Falconer presented a written opposition to said application being granted, on the ground that he was the legal and acting sheriff by virtue of an election and commission, and was under no disability, and that no vacancy existed to be filled by the governor.
No issue seems to have been formed, and no evidence taken. The *74 Judge caused an order to be entered on the minutes, recognizing Dayries as the sheriff, who was sworn in and his commission placed on record. Two days thereafter, Dayries obtained a writ of mandamus directing the said Falconer to deliver to him the records, papers, etc., of the office, and the keys of the jail. After hearing the parties, the mandamus was made peremptory, and, subsequently, Falconer obtained a writ of quo warranto upon Dayries, to show by what authority he held and exercised the office of sheriff; to which the latter excepted, and the exception maintained. It is apparent, from these proceedings, that the order of appeal is defective, and not such as to maintain an appeal. It does not authorize an appeal from the three judgments, and the appellant has not made an election of the one from which he desired to prosecute his appeal, but is claiming to have all three reversed, and, besides, the bond of appeal is given in a proceeding not mentioned in the order of ax>peal. AVe cannot, as suggested by counsel, presume that the word “or” in the order should read, and was intended to be “ and.” The use of the two disjunctives “ either” and “ or, ” forbids such a presumption. Nor can we consider the irregularity one which can be corrected under the 16th section of the act of 1866, organizing this Court. The record does not indicate that the error can be imputed to the judge, clerk or appellee. The appellant must have known from what judgment or judgments he wished to appeal, and in what proceeding he gave his bond of appeal.
We feel compelled to discountenance such loose and irregular practice, which must result in great confusion, and render the course of justice uncertain and insecure.
It is therefore ordered that the appeal be dismissed, at the Costs of the appellant.